POLEN, J.,
dissenting.
I respectfully dissent. For the same reason the supreme court found a violation of due process in Williams, supra, I would hold that the sale of counterfeit cocaine by police is a reversible violation of due process. The majority opinion acknowledges that such sale by police in reverse-stings is illegal, as section 817.564 does not provide an exception for same. Yet, it concludes that such conduct is not egregious enough to shock the court’s sense of fairness.
I do not believe that appellate courts, any more than police officers, may pick and choose which' criminal statutes may be violated with impunity. While I recognize the benefits intended by such reverse-sting counterfeit cocaine sales, such as identifying and bringing would-be cocaine users within the criminal justice system without the risks of disseminating real cocaine to them in case they escape, I do not believe that this intention makes such sales any less unlawful. While the legislature in chapter 893 has authorized the use of real cocaine by law enforcement personnel in reverse-sting sale, it has not yet provided a similar exception for the reverse-sting sale of counterfeit cocaine by such personnel. I believe it is for the legislature to decide if such sales of counterfeit cocaine by police should be similarly permissible. Accordingly, and pending an amendment to section 817.564 by the legislature, I would hold that such sales as occurred here are violations of due process which warrant reversal of Hamon’s conviction.